UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FRANK HOLIDAY,                          )
                                        )
              Petitioner,               )
                                        )
v.                                      )      No.:   3:07-cv-155
                                        )             (VARLAN/SHIRLEY)
VIVIAN HOLIDAY and                      )
STATE OF TENNESSEE,                     )
                                        )
              Respondents.              )

**MEMORANDUM OPINION**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The

Clerk is **DIRECTED** to serve a copy of the petition and this Memorandum Opinion and

accompanying Judgment Order on the Attorney General of the State of Tennessee.  However,

for the reasons stated below, the Attorney General shall not be required to file an answer or

other pleading to the petition and this petition will be **DISMISSED**.

Petitioner has labeled his pleading as a "Writ of Habeas Corpus Pursuant to 28 U.S.C.

Section 2241" [Court File No. 1] and paid the $5.00 filing fee for a habeas corpus petition.

According to petitioner, he is serving a life sentence at Morgan County Correctional Facility.

His pleading, however, relates to his divorce proceedings in the Circuit Court for Davidson

County, Tennessee, and the dismissal by the Tennessee Court of Appeals of his notice of

appeal from the final judgment of divorce.  Petitioner claims the state courts have denied his

rights to due process and he asks this court to set aside the final divorce decree and remand the case to the state courts for further proceedings.

Section 2241(c) of Title 28 of the United States Code reads, in pertinent part, as follows:

> The writ of habeas corpus shall not extend to a prisoner unless—
>
> (1)  He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2)  He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3)  He is in custody in violation of the Constitution or laws or treaties of the United States....

The primary function of the writ of habeas corpus, therefore, is to seek release from unlawful custody or imprisonment. *Carson v. Johnson*, 112 F.3d 818, 829 (5th Cir. 1997).

> Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody.

*Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).  *See also Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) ("Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.").

Petitioner is not "in custody" as a result of his divorce proceedings.  Therefore, this court lacks subject matter jurisdiction over his habeas petition and the petition will be

**DISMISSED**.  Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts.  A certificate of appealability **SHALL NOT ISSUE** in this action.  28 U.S.C. § 2253(c).  The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
